IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| HARVEST DIRECT, LLC, HARVEST ) | **Electronically Filed** |
| TRADING GROUP, INC., and YEISER ) | |
| RESEARCH & DEVELOPMENT LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Telebrands Corp. ("Telebrands"), by its counsel, for its Complaint against Defendants, Harvest Direct, LLC ("Harvest Direct"), Harvest Trading Group, Inc. ("Harvest Trading") (collectively, the "Harvest Defendants"), and Yeiser Research & Development LLC ("Yeiser") (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action for false comparative advertising brought under: (1) Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) the New Jersey Fair Trade Act, N.J. Stat. Ann. § 56:4-1 *et seq.*; and (3) New Jersey common law. Telebrands seeks an order preliminarily and permanently enjoining Defendants from displaying, sharing, selling, or otherwise making public a video advertisement containing false representations and descriptions of Telebrands' POCKET HOSE expandable and contractible hose products. Telebrands additionally seeks monetary relief in an amount to be determined at trial, but in no event less than $75,000, as well as costs and attorneys' fees and such other and further relief as the Court may deem just and proper.

## THE PARTIES

2.      Telebrands is a New Jersey corporation with its headquarters located at 79 Two Bridges Road, Fairfield, New Jersey 07004, in this Judicial District.

3.      Upon information and belief, Harvest Direct is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business at 61 Accord Park Drive, Norwell, Massachusetts 02061.

4.      Upon information and belief, Harvest Trading is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business at 61 Accord Park Drive, Norwell, Massachusetts 02061.

5.      Upon information and belief, Yeiser is a limited liability company organized and existing under the laws of the State of California and having a principal place of business at 9545 Pathway Street, Santee, California 92071.

6.      Upon information and belief, Defendants regularly conduct business throughout the United States, including in the State of New Jersey.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a).

8.      This Court has supplemental jurisdiction over concurrent state law and common law claims pursuant to 28 U.S.C. § 1367.

9.      This Court additionally has jurisdiction pursuant to 28 U.S.C. § 1332, as this is a civil action between diverse parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendants, as Defendants offer for sale and/or advertise products within the State of New Jersey and this Judicial District, and have purposefully availed themselves of the privileges and benefits of the laws of the State of New Jersey, at least, but not limited to, with respect to the subject matter of the present action.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

**Telebrands Corp. and Expandable and Contractible Hoses**

12. Telebrands is a direct response marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

13. Telebrands is a recognized leader in the direct response television marketing industry.

14. For more than twenty-five years, Telebrands has been a leading developer and marketer of consumer products.

15. Telebrands is widely known throughout the retail industry for the manner in which it effectively drives retail sales through its nationwide advertising programs.

16. For many years, Telebrands has cultivated relationships with a wide variety of wholesalers, marketers, distributors, sellers, and retailers including, for example, large retail chain stores, catalogues, and Internet sales websites.

17. One product that Telebrands is currently marketing and selling, and has been marketing and selling since 2012, is an expandable and contractible hose marketed under the

trademarks POCKET HOSE, POCKET HOSE ULTRA, POCKET HOSE TOP BRASS and POCKET HOSE BUNGEE (collectively, the "POCKET HOSE products").

18. One of Telebrands' POCKET HOSE products is shown in following picture:



19. Telebrands' POCKET HOSE products are sold nationwide through direct response advertising, national retail outlets, mail-order, and catalogue sales.

20. At least one of Telebrands' POCKET HOSE products includes a distinctive, bright green hose.

21. Telebrands' POCKET HOSE products are identifiable to and known by customers by the colors of the hose, as well as by the functionality and features of the products.

22. Other expandable and contractible hoses currently on the market include the XHOSE products sold and distributed by National Express, Inc. and the Flex-Able Hose products sold and distributed by Tristar Products, Inc.

23. The expandable and contractible hoses on the market, including Telebrands' POCKET HOSE products, include an inner elastic tube and an outer fabric liner or reinforcement with fittings at the ends.

**Defendants' False Comparative Advertising**

24. Upon information and belief, the Harvest Defendants are currently marketing and selling a product called the Metal Garden Hose.

25. The Harvest Defendants market and sell the Metal Garden Hose through, *inter alia*, their website at www.metalgardenhose.com. A copy of the Metal Garden Hose website is included at Exhibit A.

26. The Metal Garden Hose website prominently displays, in the upper, right-hand corner, a video advertisement that plays automatically when an individual visits the site.

27. Upon information and belief, the video advertisement was created in whole or in part and/or was published by Yeiser.

28. The video advertisement features images and footage of Telebrands' POCKET HOSE expandable and contractible hose products and other expandable and contractible hose products on the market and treats the expandable and contractible hoses as competitive with the Metal Garden Hose.

29. The expandable and contractible hoses shown throughout the video advertisement have been manipulated to burst, explode, leak or fail in ways that Telebrands' POCKET HOSE products do not when used by customers.

30. The video advertisement misleads viewers into believing, among other things, that Telebrands' POCKET HOSE expandable and contractible hose products and other expandable and contractible hose products on the market burst, explode, leak or fail as shown and that they commonly, and even regularly, burst, explode, leak or fail.

5

**Opening Sequence (0:00 – 0:07)**

31.     The opening sequence of five scenes of the video advertisement purport to show "expanding hoses," including Telebrands' POCKET HOSE expandable and contractible hose products and other expandable and contractible hose products on the market, bursting and/or exploding.

32.     An image of Telebrands' POCKET HOSE product from the opening sequence is shown in the following picture:



33.     During this opening sequence, a narrator recites: "Tired of those expanding hoses expanding until they explode? Bursting and making a mess? Soaking you from head to toe? How many have *you* gone through?"

34.     This narration suggests both that expandable and contractible hoses, including Telebrands' POCKET HOSE products, burst, explode, leak or fail frequently and that they do so in the explosive manner shown in the video advertisement.

35.     The expandable and contractible hoses shown in the video advertisement, including Telebrands POCKET HOSE product, clearly have been tampered with.

6

36. Upon information and belief, Defendants, or their agents, made cuts in portions of the hoses' reinforcements large enough to allow the flexible inner tubes to expand outside of the reinforcement braid when pressurized.

37. The manufactured failure mode created by making cuts in the hoses' reinforcements does not reflect average use.

38. In the unlikely event of a failure, an expandable and contractible hose will typically fail in one of two ways: (1) leakage at the fitting/hose juncture; or (2) a pinhole leak from a small tear in the hose liner.

39. Defendants' video falsely suggests to viewers and customers that expandable and contractible hoses "expand until they explode" and supports that false statement with intentionally misleading footage of expandable and contractible hoses that have been tampered with.

### Woman Soaked By Expandable and Contractible Hose (0:08 – 0:11)

40. Defendants' video advertisement shows a woman holding an expandable and contractible hose as she is soaked with water due to multiple leaks in the hose.

41. The scene including the woman shows an unrealistic failure mode.

42. The hose in the scene including the woman has been punctured in multiple places, which is not the manner in which expandable and contractible hoses fail, in the unlikely event that they do fail.

### Expandable and Contractible Hose Punctured By Rose Bush (00:27 – 00:30)

43. Defendants' video advertisement shows an expandable and contractible hose, namely Telebrands' POCKET HOSE product, springing a leak, having apparently been punctured by the thorns of a rose bush.

44. The scene with the rose bush show an unlikely scenario because, while the liner of an expandable and contractible hose might snag on rose bush thorns, it is highly unlikely that the liner and elastic inner tube of the hose would ever be completely penetrated by the thorns as shown in the video advertisement.

45. During the scene with the rose bush, the narrator states, "Look! Expanding hoses pale in comparison. Thorns are no match for the Metal Garden Hose."

### **Expandable and Contractible Hose Punctured By Fence Post (00:50 – 00:52)**

46. A scene in Defendants' video advertisement shows an expandable and contractible hose, namely Telebrands' POCKET HOSE product, bursting and leaking water after apparently having come into contact with a sharp item on a fence post.

47. In the scene with the fence post, the narrator states, "Hazards are a menace to other garden hoses."

48. There is no evidence that the use of an expandable and contractible hose around a fence post would harm the hose. In fact, the polyester yarn typically used in the hose liner offers excellent abrasion resistance to resist puncturing or bursting.

### **"Kink Test" (1:25 – 1:29)**

49. The video advertisement purports to show a "kink test," comparing a Metal Garden Hose and an expandable and contractible hose, namely Telebrands' POCKET HOSE product, side-by-side.

50. An image from the "kink test" is shown in the following picture:



51. In the "kink test" of the video advertisement, the expandable and contractible hose is tied in a knot and labeled "Not Kink Free," while the Metal Garden Hose is displayed in a looser knot and labeled "Kink Free."

52. In the "kink test" of the video advertisement, the narrator reads, "Other hoses claim to be kink free. Which one looks kink free to you?"

53. The comparison shown in the "kink test" of the video advertisement does not constitute a kink evaluation.

54. A "kink" in a hose is defined as a bend in the hose beyond its rated minimum bend radius that causes the hose to collapse.

55. The expandable and contractible hose in the "kink test" of the video advertisement has merely been tied in a knot, not kinked.

56. Since an expandable and contractible hose is more flexible than the Metal Garden Hose, it can be tied into a smaller knot than the Metal Garden Hose as shown in the video.

57. The aforementioned representations made in the video advertisement regarding expandable and contractible hoses, including Telebrands' POCKET HOSE products, all are either literally false or, at a minimum, highly misleading to customers.

9

58. The video advertisement includes false and misleading representations of fact constituting commercial advertisement that disparages Telebrands' POCKET HOSE products and attempts to demonstrate an alleged comparative superiority of the Metal Garden Hose product.

## COUNT ONE
### (False Advertising Under § 43(a) of the Lanham Act)

59. Telebrands realleges and incorporates by reference paragraphs 1 through 58 of its Complaint as if fully set forth herein.

60. Upon information and belief, Defendants have made false and misleading representations, including those set forth above, to Telebrands' current and prospective customers regarding Telebrands' POCKET HOSE products and expandable and contractible hoses generally.

61. Defendants' false statements actually deceive and have the tendency to deceive a substantial segment of the intended audience.

62. The deception created from Defendants' false representations is material, in that it is likely to influence the purchasing decisions of Telebrands' current and prospective customers.

63. Defendants have caused their false representations to enter interstate commerce.

64. Telebrands has been or is likely to be injured by Defendants' false representations by direct diversion of sales from Telebrands to the Harvest Defendants and by a lessening of goodwill associated with Telebrands and its products.

## COUNT TWO
### (Unfair Competition Under N.J. Stat. Ann. § 56:4-1 *et seq.*)

65. Telebrands realleges and incorporates by reference paragraphs 1 through 64 of its Complaint as if fully set forth herein.

66. Upon information and belief, Defendants have made false and misleading representations, including those set forth above, to Telebrands' current and prospective customers regarding Telebrands' POCKET HOSE products and expandable and contractible hoses generally.

67. Defendants' false statements actually deceive and have the tendency to deceive a substantial segment of the intended audience.

68. The deception created from Defendants' false representations is material, in that it is likely to influence the purchasing decisions of Telebrands' current and prospective customers.

69. Telebrands has been or is likely to be injured by Defendants' false representations by direct diversion of sales from Telebrands to the Harvest Defendants and by a lessening of goodwill associated with Telebrands and its products.

## COUNT THREE
### (Common Law Unfair Competition)

70. Telebrands realleges and incorporates by reference paragraphs 1 through 69 of its Complaint as if fully set forth herein.

71. Upon information and belief, Defendants have made false and misleading representations, including those set forth above, to Telebrands' current and prospective customers regarding Telebrands' POCKET HOSE products and expandable and contractible hoses generally.

72. Defendants' false statements actually deceive and have the tendency to deceive a substantial segment of the intended audience.

73. The deception created from Defendants' false representations is material, in that it is likely to influence the purchasing decisions of Telebrands' current and prospective customers.

74. Telebrands has been or is likely to be injured by Defendants' false representations by direct diversion of sales from Telebrands to the Harvest Defendants and by a lessening of goodwill associated with Telebrands and its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Telebrands respectfully requests the following relief:

(a)     For an order preliminarily and permanently enjoining Defendants from displaying, sharing, selling, or otherwise making public the video advertisement presently available on the Metal Garden Hose website;

(b)     For monetary relief in an amount to be determined at trial, but in no event less than $75,000;

(c)     For costs and attorneys' fees;

(d)     For an award of such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Telebrands demands a trial by jury on all issues so triable.

Dated: New York, New York
January 17, 2017

                                    PRYOR CASHMAN LLP

                                    By: */s/ Jeffrey L. Snow*
                                          Jeffrey L. Snow (JS-5396)
                                          Eric D. Dowell
                                          Danielle E. Tepper
                                    7 Times Square
                                    New York, New York 10036
                                    Tel:  (212) 421-4100
                                    Fax:  (212) 326-0806

                                    *Attorneys for Plaintiff Telebrands Corp.*